230 August 12, 2026 No. 772

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Nancy M. JOHNSTON,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT
and Dallas School District No 2,
*Respondents.*

Employment Appeals Board
2024EAB0743;
A186154

Argued and submitted May 20, 2026.

Jon Weiner argued the cause and filed the brief for petitioner.

Patricia G. Rincon, Assistant Attorney General, argued the cause for respondent Employment Department. Also on the brief were Dan Rayfield, Attorney General, and Paul L. Smith, Solicitor General.

No appearance for respondent Dallas School District No 2.

Before Aoyagi, Presiding Judge, Kamins, Judge, and Pagán, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Claimant seeks review of an order of the Employment Appeals Board (EAB) denying unemployment compensation benefits. In three assignments of error, claimant contends that the EAB's determination that she was discharged for misconduct—thus precluding her from receiving benefits— is not supported by substantial evidence and reason. *See* ORS 657.176(2) (providing that an individual shall be disqualified from the receipt of benefits if the individual has been discharged for misconduct). We affirm.

"We review the EAB's findings for substantial evidence and review the EAB's order for substantial reason and errors of law." *Fox v. Employment Dept.*, 261 Or App 560, 563, 323 P3d 530 (2014). "In determining whether the board's order is supported by substantial reason, we consider whether that order articulates the reasoning that leads from the facts found to the conclusions drawn." *Walker v. Providence Health System Oregon*, 254 Or App 676, 686, 298 P3d 38, *rev den*, 353 Or 714 (2013) (internal quotation marks omitted).

We state the facts as found by the EAB. Claimant's case arises from a determination by the Employment Department that she was discharged for the misconduct of falsifying a timecard. Claimant, an office manager overseeing payroll, often worked overtime hours and was initially instructed to report these hours on an overtime-specific timecard. After her first few payroll periods, the employer instructed claimant to stop reporting her overtime hours and to instead keep her own overtime records so that she could receive compensatory time off. Later, the employer told claimant that she was not eligible for that compensatory time because she was an hourly employee. Believing that she had earned the compensated time off, claimant submitted a timecard falsely claiming she had worked on a day when she was not present.

In her first assignment of error, claimant argues that the conduct at issue—falsification of a timecard—was a conscious decision not to comply with an unreasonable policy and thus not misconduct. *See* OAR 471-030-0038(1)(d)(C)

("A conscious decision not to comply with an unreasonable employer policy is not misconduct."). Claimant, however, did not argue below that the employer's actions were a policy of the employer, that the policy was unreasonable, nor that she had made a conscious decision to not comply with such policy. Neither the Administrative Law Judge (ALJ) nor the EAB made findings under OAR 471-030-0038(1)(d) (C). Therefore, the argument is unpreserved. *See Dawson v. Employment Dept.*, 251 Or App 379, 385-86, 283 P3d 434 (2012) (an argument must be raised to the EAB before this court will consider it on review). Because claimant does not request plain-error review and because the purported error does not appear plain to us, we decline to consider it. *See State v. Ardizzone*, 270 Or App 666, 673, 349 P3d 597, *rev den*, 358 Or 145 (2015) ("[W]e ordinarily will not proceed to the question of plain error unless an appellant has explicitly asked us to do so ***.").

In her second assignment of error, claimant argues, for the first time, that the employer's unlawful behavior altered the standards of behavior it had a right to expect of its employees. *See* OAR 471-030-0038(3)(a) ("As used in ORS 657.176(2)(a) and (b) a willful or wantonly negligent violation of the standards of behavior which an employer has the right to expect of an employee is misconduct."). Claimant, who appeared *pro se* before the ALJ, did not argue below that the employer's behavior changed what is reasonable to expect of its employees nor that the employer violated any laws. *See Wahlgren v. DMV*, 196 Or App 452, 457-58, 102 P3d 761 (2004) (a party's *pro se* status does not exempt that party from preservation rules on judicial review). Again, claimant does not request plain-error review, and the purported error does not appear plain to us, so we decline to consider this argument. *Ardizzone*, 270 Or App at 673.

Claimant argues, in the main, that she could not have preserved the errors she assigns on appeal because the errors could not have been anticipated, largely because she prevailed before the ALJ. We disagree. Claimant's first two assignments of error are legal arguments that could have been raised in the proceedings before the ALJ. Because the EAB would be surprised, on this record, by the arguments

raised in the first two assignments of error, we conclude that they are not preserved. *See Marella v. Employment Dept.*, 223 Or App 121, 127, 194 P3d 849 (2008), *rev den*, 346 Or 65 (2009) (assignments of error are not preserved when the EAB would be "surprised" by the arguments raised).

In her third assignment of error, claimant argues that the EAB erred in determining that her actions amounted to misconduct rather than a mere isolated instance of poor judgment. *See* OAR 471-030-0038(3)(b) ("Isolated instances of poor judgment * * * are not misconduct."). The EAB found that claimant's actions "exceeded mere poor judgment." *See* OAR 471-030-0038(1)(d)(D) ("[A]cts that create irreparable breaches of trust in the employment relationship or otherwise make a continued employment relationship impossible exceed mere poor judgment" and thus amount to misconduct.). Claimant identifies two reasons that the EAB's decision was in error: The EAB failed to consider the employer's conduct in determining if the loss of trust was reasonable, and the EAB failed to address whether the loss of trust was irreparable. Assuming without deciding that those arguments are preserved, both fail on the merits.

Claimant argues that the trust relationship between her and the employer was already broken by the employer's conduct, so "a reasonable employer in the same situation" would not consider the trust broken by claimant's later actions. *See Callaway v. Employment Dept.*, 225 Or App 650, 654, 202 P3d 196 (2009) ("[A]n employer cannot unilaterally announce a breach of trust if a reasonable employer in the same situation would not do so."). We disagree. A reasonable employer could conclude that a payroll manager created a breach of trust by misrepresenting her own hours, regardless of whether that employee is reasonably frustrated by the communications and lack of remedies provided regarding her uncompensated work. Therefore, the EAB did not err in finding that claimant's act exceeded mere poor judgment under OAR 471-030-0038(1)(d)(D).

As for claimant's argument that the EAB was required to address whether the breach of trust was irreparable before finding that her conduct exceeded mere poor judgment under OAR 471-030-0038(1)(d)(D), we disagree.

The rule applies to acts that "create irreparable breaches of trust in the employment relationship *or* otherwise make a continued employment relationship impossible." OAR 471-030-0038(1)(d)(D) (emphasis added). The EAB was not required to specifically find that claimant's act created an irreparable breach of trust given that it found that her act made a continued employment relationship impossible. Thus, the EAB did not err by failing to make that finding.

It is apparent from the decision that the EAB determined that claimant's act made a continued employment relationship impossible because the decision emphasized that claimant's position required a high level of trust which caused the employer to believe that "lesser discipline" than ending the employment relationship was not appropriate. The determination that claimant's act exceeded mere poor judgment is supported by substantial evidence, specifically that her role required a high level of trust and her actions displayed the opposite. The determination that claimant's act exceeded mere poor judgment is supported by substantial reason because the board's decision provided an explanation as to how the specific facts of the case led to its conclusion. *See Castro v. Board of Parole*, 232 Or App 75, 83, 220 P3d 772 (2009) (substantial reason requires that the board provide an explanation for how it reached its conclusion).

Here, claimant, an employee responsible for overseeing payroll, falsified her own timecard and attempted to deceive her employer regarding the falsification. The EAB did not err by determining that that act made a continued employment relationship impossible and therefore exceeded mere poor judgment. Claimant's frustration with the employer's actions is understandable, but her response did not fall within the legally available options for remedy. Because the EAB's conclusion that claimant's response exceeded mere poor judgment is supported by substantial evidence and reason, the EAB did not err in determining that claimant was discharged for misconduct. We therefore affirm.

Affirmed.